# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Edwin Brownlow Pound,**
**Plaintiff Below, Petitioner**

**vs)  No. 13-1277** (Marion County 12-C-112)

**Donna Marie Tucker, Steven Clyde Tucker, and**
**Daniel C. Tucker, Defendants Below, Respondents**

**FILED**

November 21, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Edwin Brownlow Pound, appearing *pro se*, appeals the November 18, 2013, order of the Circuit Court of Marion County that denied his motion for a new trial following a jury verdict that found that (1) respondents were not liable to petitioner; and (2) petitioner owed Respondents Donna Marie Tucker and Daniel C. Tucker $24,471.97 on a promissory note. Respondents Donna Marie Tucker, Steven C. Tucker, and Daniel C. Tucker, by counsel Kevin T. Tipton, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner sued respondents, alleging that respondents either stole or impermissibly sold various items of personal property belonging to petitioner. The issue of whether petitioner owed Respondents Donna Marie Tucker and Daniel C. Tucker on a promissory note was also tried to the jury.[1]

Prior to trial, by a scheduling order, entered October 16, 2012, petitioner was required to identify his expert witnesses and their specialties, and disclose either expert reports or summaries of the experts' expected testimony by December 4, 2012. Subsequently, trial occurred on August 21, 2013, through August 23, 2013. In reaching a verdict, the jury determined that (1) respondents were not liable to petitioner; and (2) petitioner owed Respondents Donna Marie Tucker and Daniel C. Tucker $24,471.97 on the promissory note. Consistent with the jury's verdict, the circuit court awarded Respondents Donna Marie Tucker and Daniel C. Tucker a judgment in the amount of $25,776.65, which included pre-judgment and post-judgment interest through August 27, 2013,

---

[1] The record is not clear as to why the two issues were tried together.

1

with post-judgment interest continuing to accrue thereafter.[2]

Petitioner's counsel filed a motion for a new trial, on which the circuit court held a hearing on October 30, 2013. On November 18, 2013, the circuit court denied the motion finding no merit to petitioner's proffered reasons for setting aside the jury's verdict, as follows: (1) petitioner "opened the door" to one question by respondents' counsel about petitioner's alleged prostitution because petitioner put his financial condition into issue; (2) respondents' counsel did not improperly suggest that petitioner was homosexual or had HIV during closing arguments (and no objection was made); (3) respondents' counsel did not violate a motion *in limine* that covered testimony about petitioner spreading feces on the walls on Respondent Donna Marie Tucker's home because the circuit court reserved the right to allow the testimony if it became relevant and petitioner "opened the door" (the testimony was admitted only to show petitioner's animosity toward respondents); (4) respondents' counsel did not improperly refer to petitioner as a "liar" because the parties were granted wide latitude in their closing arguments and made similar characterizations of each other; (5) the court permitted petitioner to elicit limited testimony about the affair between Respondent Donna Marie Tucker and Respondent Steven C. Tucker[3] and the jury considered that testimony (also, petitioner did not focus on this issue in his closing argument); (6) the court properly struck the testimony of petitioner's appraiser, Ms. Golden, because "[t]he witness did not provide a [curriculum vitae], résumé, or any reports" and based her opinions on what any lay person could do (internet research); and (7) the jury gave fair and serious consideration to each party's evidence,[4] and the verdict reflected the evidence.

Petitioner now appeals the circuit court's November 18, 2013, order denying his motion for a new trial. This Court has consistently reviewed a circuit court's rulings on a motion for a new trial under an abuse of discretion standard. As this Court explained in *Williams v. Charleston Area Medical Center, Inc.,* 215 W.Va. 15, 18, 592 S.E.2d 794, 797 (2003):

> As a general proposition, we review a circuit court's rulings on a motion for a new trial under an abuse of discretion standard. . . . Thus, in reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial

---

[2] Petitioner argued in his opening brief that the circuit court erred in its calculation of interest. However, in his reply, petitioner concedes that this issue was waived because there was no objection from his counsel. After conducting our own analysis, we accept petitioner's concession that the issue was waived. *See* Syl. Pt. 8, *State v. Julius,* 185 W.Va. 422, 408 S.E.2d 1 (1991).

[3] Respondent Steven C. Tucker is Respondent Donna Marie Tucker's former brother-in-law. Respondent Daniel C. Tucker is her former husband.

[4] In his reply, petitioner concedes that whether Respondent Donna Marie Tucker testified falsely was a question for the jury. After conducting our own analysis, we accept petitioner's concession. *See State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact.").

and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

(Internal citations omitted.). Also, it has been long established that a litigant is only entitled to a fair trial, but not a perfect trial "because such a thing does not exist." *Sprouse v. Clay Communication, Inc.*, 158 W.Va. 427, 464, 211 S.E.2d 674, 698 (1975).

Petitioner asserts that the circuit court erred in allowing respondents' counsel (1) to ask improper questions and to make improper references about petitioner's personal life; and (2) to refer to petitioner as a "liar." In addition, petitioner complains that the circuit court also erred in not permitting him to present more extensive testimony about the affair between two of the respondents. The West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. From our review of the record, we conclude that none of the circuit court's various rulings on what to allow—and what not to allow—constituted an abuse of discretion. *See* Syl. Pt. 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995) ("Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard.").[5]

However, there are three evidentiary issues we address with more specificity for the sake of completeness: (1) respondents' concession that there was one instance of hearsay; (2) questioning of petitioner's accounting expert, Mr. Olivier, about the 2008 promissory note; and (3) striking the testimony of petitioner's appraiser, Ms. Golden.

Respondents' concession that there was one instance of hearsay

Respondents concede that, on its face, Respondent Donna Marie Tucker's testimony regarding her conversation with petitioner's real estate agent constituted hearsay.[6] However, respondents argue that, even if it was hearsay, the testimony was harmless and inconsequential because (1) the testimony lasted only a minute or two;[7] (2) respondents never argued the issue to the jury; and (3) petitioner had the opportunity to address this issue on rebuttal. In his reply, petitioner acknowledges that he had the opportunity to rebut Respondent Donna Marie Tucker's testimony, but made the strategic choice not to do so. We agree with respondents that, even if the

---

[5] We note that, under Rule 403 of the Rules of Evidence, the standard for excluding evidence is whether its prejudicial effect *substantially* outweighs its probative value.

[6] Petitioner's counsel made an objection.

[7] Respondent Donna Marie Tucker was asked during direct examination whether she ever found out the amount petitioner received for selling his beach house and whether he received the amount in one payment—not two—and she testified that she learned the answers to both questions from petitioner's real estate agent.

testimony regarding the conversation with petitioner's real estate agent was hearsay, its admission was harmless.

### Questioning of petitioner's accounting expert about the 2008 promissory note

Petitioner argues that the circuit court erred in allowing his accounting expert, Mr. Olivier, to be questioned about a promissory note from 2008 because the promissory note at issue was from 2009. Respondents counter that the 2008 promissory note (and its higher interest rate) was rolled into the 2009 note. Given that the parties dispute the relevance of the 2008 note, we conclude that the circuit court clearly did not abuse its discretion in permitting testimony regarding that note.

### Striking the testimony of petitioner's appraiser

Petitioner argues that the circuit court improperly struck the testimony of his appraiser, Ms. Golden. Respondents counter that Ms. Golden was not disqualified as an expert until after her full testimony had been heard and only after she admitted that she had no curriculum vitae and did not produce any report. According to the circuit court, an additional factor was that petitioner himself testified as to the value of the items and "gave the exact same values as his witness." In his reply, petitioner asserts the fact that the circuit court was not familiar with all of the items proves an appraiser's testimony was necessary to establish the value of such rare items.

"Whether a witness is qualified to state an opinion is a matter which rests within the discretion of the trial court and its ruling on that point will not ordinarily be disturbed unless it clearly appears that its discretion has been abused." Syl. Pt. 3, *Wilt v. Buracker*, 191 W.Va. 39, 443 S.E.2d 196 (1993), *cert. denied*, 511 U.S. 1129 (1994) (Internal quotations and citations omitted.). While the liberal thrust of the Rules of Evidence presumes evidence is usually admissible, we find that two circumstances combined to make this case unique. First, the failure to produce an expert report violated the circuit court's October 18, 2012, scheduling order, which required such disclosure so that the opposing party would have notice of the expert's expected testimony. *See also* Rule 26(b)(4)(A)(i), W.V.R.C.P.

Second, while striking the testimony of an expert witness may be viewed as a somewhat harsh sanction for violating a scheduling order, the lack of a report detailing Ms. Golden's methodology was especially important in this case because Ms. Golden testified she based her opinions primarily on internet research—a task a lay person often undertakes when formulating her own opinions. Thus, a special need existed for some explanation of how Ms. Golden's opinions were more sophisticated than those of the average lay person. *See* Syl. Pt. 1, *State v. Mitter,* 168 W.Va. 531, 285 S.E.2d 376 (1981) (expert testimony is admissible if lay persons generally would not be as competent as experts) (internal quotations and citations omitted). Following her entire testimony, the circuit court determined that Ms. Golden's opinions were not any more sophisticated than those of the average lay person. After our review of the record,[8] we

---

[8] We have reviewed the extensive excerpts of the trial transcript petitioner placed in the record on appeal, including excerpts of Ms. Golden's testimony and the circuit court's ruling . . . that she was not qualified as an expert.

4

cannot conclude, under the unique circumstances of this case, that the circuit court abused its discretion in disqualifying Ms. Golden as an expert.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Marion County and affirm its November 18, 2013, order denying petitioner's motion for a new trial.

Affirmed.

**ISSUED:** November 21, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II